# Desmond's Appeal.

1. A bill, filed to restrain an alleged infringement of a trade-mark used upon labels or wrappers, which does not aver a similarity or imitation in the appearance of the labels or wrappers, is insufficient and will be held bad on demurrer.

2. The appropriation as a trade-mark of the word "Samaritan" in one combination of words does not prevent its being used as a trademark in any other combination.

[Desmond's Appeal.]

March 27th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, and GREEN, JJ.   STERRETT and CLARK, JJ., absent.

APPEAL from the Court of Common Pleas No. 2 of *Philadelphia county:* In Equity: Of January Term 1883, No. 240.

This was an appeal by Thomas Desmond, trading as Desmond & Co., from a decree of the said court, sustaining a demurrer to and dismissing a bill in equity, filed by said Desmond & Co. against Mahlon K. Smith, Mahlon N. Kline, Washington J. Sellers and Silas W. Hellerman, trading as Smith, Kline & Co., to restrain the defendant from alleged infringement of certain registered trade-marks, which were used in course of plaintiff's business.

The plaintiff averred in his bill that he had been engaged in the manufacture of certain compound medicines since 1863; that during that period he had used in their sale and advertisement certain trade-marks, which were duly registered in the office of the clerk of the United States district court; that the said medicines have been and are distinguished by the names of "Samaritan's Gift" and "Samaritan's Root and Herb Juices," which names are the aforesaid trade-marks and are of great value to the plaintiff in designating the said medicines; that one Dr. S. A. Richmond, trading under the name of Dr. S. A. Richmond & Co., and doing business in the city of St. Joseph, in the State of Missouri, intending to invade the rights of complainant, has commenced to manufacture a compound medicine of a character similar to one of the said medicines manufactured and sold by complainant, and has sold and advertised the same under the trade-marks of complainant, saving a slight alteration in the same, to wit: By substituting the word "Nervine" in the trade-mark of the said Dr. S. A. Richmond & Co., for the words "Gift" and "Root and Herb Juices" in complainant's trade-mark, and the said Dr. S. A. Richmond & Co. have recently largely advertised the same in various parts of the United States, and particularly in State of Pennsylvania, where complainant's medicines are well known and highly valued. And complainant further complains that by the use of his trade-mark, altered as aforesaid, the said Dr. S. A. Richmond & Co. well knew that they would be able to invade the rights of complainant, and that the public would be readily deceived in mistaking the medicines so vended by complainant as aforesaid. Further, that the use of his trade-marks so altered as aforesaid has deceived many persons who were willing and anxious to purchase the medicines of complainant; that the said firm of Smith, Kline & Co. are now engaged in offering for sale the said medicines of the said Dr. S. A. Richmond & Co., under the name of "Samaritan Nervine," at their place of business,

[Desmond's Appeal.]

Nos. 309 and 311 North Third Street, in the city of Philadelphia ; that the said Smith, Kline & Co. have sold and attempted to sell the said medicine with the trade-marks, labels and wrappers of complainant, so altered as aforesaid, to the great diminution of complainant's profits and business.

The plaintiff therefore prayed for a perpetual injunction and an account. An amended bill was subsequently filed, joining S. A. Richmond as co-defendant, and charging further that the said S. A. Richmond " did willfully and knowingly and with intent and design to imitate the same, use the word ' Samaritan ;' . . . that by reason of the imitation and copying of the label thereof by the said Richmond, the public are deceived and led to believe it is the complainant's article they are buying and that complainant is a great loser thereby."

The defendants demurred, assigning the following reasons, inter alia : Third. Because the name " Samaritan's Gift " and " Samaritan's Root and Herb Juices." do not constitute trademarks within the meaning and protection of the law in such cases. Seventh. Because it is not alleged that there is any imitation or similarity between the appearance of the labels and wrappers alleged to be used by the defendants. Eighth. Because it appears by said bill that the only similarity in the names or words used by the defendants is in the use of the name " Samaritan," and that the name " Samaritan," being the name of a place, and, further, having a well understood and popular use, derived from the parable of the Good Samaritan, whereby it is popularly used to signify or describe any act, matter, or thing of a charitable or benevolent nature for the purpose of relieving the wounded, sick or afflicted, no trademark can be taken in such a word, it belonging in this use to the general popular vocabulary.

The court, after argument, sustained the demurrer and entered a decree dismissing the bill. The plaintiff thereupon took this appeal, assigning for error the said decree of the court.

*Pierce Archer* (*R. P. Dechert* with him), for the appellant. —To make out a case of infringement of a trade-mark exact similarity is not required, as that would always enable the wrong-doer to evade responsibility for his wrongful acts. Where the similarity is sufficient to convey a false impression to the public mind and is of a character to mislead and deceive the ordinary purchaser, it is sufficient: McLean *v.* Fleming, 6 Otto, 245 ; Sheppard *v.* Stuart, 7 W. N. C. 498. Any word, phrase, symbol, figure, name, letter, form or device. may be used as a trade-mark, and will be protected as such. Thus " Eureka " was upheld as a good trade-mark in Allegheny

Fert. Co. v. Woodside, 1 Hughes, 115; "Charter Oak" in Filley v. Fassett, 44 Mo. 173; "Excelsior" in Sheppard v. Stuart, supra; "Anatolia" in McAndrew v. Bassett, 10 Jurist. (N. S.) 550; "Hero" in Rowley v. Houghton, 2 Brews. 303; "Keystone Line" in Winser v. Clyde, 9 Phila. 513. That the defendants intended to imitate our trade-mark and did imitate it to our injury is admitted by them, when they entered a general demurrer: Ins. Co. v. Drach, 12 W. N. C. 379.

*Rowland Evans* and *R. L. Ashhurst* for the appellee.— The demurrer admits only such facts as are well pleaded and not such as are repugnant to each other: 1 Daniel's Chancery Practice 566. A mere English adjective or a word which lacks originality cannot claim protection as a trade-mark: Raggett v. Findlater, 17 L. R. Eq. 37; Canal Co. v. Clark, 13 Wall. 320; Glendon Iron Co. v. Uhler, 25 S. 470. That such a word as Samaritan, in its derivative sense a synonym for philanthropic, cannot be exclusively appropriated as a trade-mark, is shown by the following cases, in which the words "Schiedam Schnapps," "Charity," "Gold Medal," "Centennial," "Mexican Balm," "Night-Blooming Cereus," "Club House," were held to lack the requisite originality: Wolfe v. Goulard, 18 How. Pr. 64; Isaacs v. Daly, 39 N. Y. Superior Ct. 7 J. & S. 511; Taylor v. Gillies, 59 N. Y. 331; Hartell v. Viney, 2 W. N. 602; Perry v. Truefit, 6 Beav. 66; Phalon v. Wright, 5 Phila. 464; Corwin v. Daley, 7 Bos. 222.

The opinion of the court was filed April 9th 1883.

PER CURIAM.—The original bill declares "that the said medicines have been and are distinguished by the names of 'Samaritan's Gift,' and 'Samaritan's Root and Herb Juices,' and that the said names are the trade-marks of the same together with certain labels and wrappers hereto annexed marked 'Exhibit A,' and by said trade-marks the same are distinguished from all other compound medicines."

It does not aver an imitation or similarity in the appearance of the labels and wrappers. An examination of the two shows they are quite dissimilar in names and appearance. It is true each has the word "Samaritan," but in such different form and combination of words as to preclude one medicine being taken for the other. We do not think the amended bill removes the difficulty of the appellant. The appropriation of the word "Samaritan" in one combination of words does not prevent its being used in all other combinations.

> Decree affirmed and appeal dismissed at the costs of the appellant.